CASE 95—PETITION EQUITY.—January 13.

# Hall's Assignees v. Rothchild & Son.

### APPEAL FROM SHELBY CIRCUIT COURT.

1. ASSIGNMENTS FOR CREDITORS—PREVIOUS PREFERENCES—DUTY OF ASSIGNEE—STATUTORY CONSTRUCTION.— Under our statutes (sections 84, 1910 and 1911), the assignee of a debtor has the same right, and the same duties imposed upon him, to institute proceedings necessary to recover any property that the debtor had previously by a preferential or fraudulent transfer conveyed, that are given to and imposed upon a creditor; and the deed of assignment is not to be treated as void for the sole reason that the debtor had previously made a preferential or fraudulent transfer to one or more of his creditors, and in order to enable a creditor to maintain such an action he must allege that the assignee 'had upon demand refused to institute the same.

2. SAME.—The preferred creditors having surrendered to the assignee the possession and control of the mortgaged property, and the assignee being in possession thereof is proceeding to sell and dispose of the same for the benefit of all the creditors, there was no necessity for bringing suit to recover the property, and these facts being relied upon by the assignee constituted a good defense to an action by a creditor.

.L. C. WILLIS, FOR APPELLANTS.

1. The provision of section 84 of the Kentucky Statutes was intended to give to creditors and assignees more power and authority to examine into the assigned estate, and the value thereof, and to give to the assignee the right to have declared previous transfers made by the debtor fraudulent and preferential, whereas prior thereto, that right could only be exercised by a creditor; and also to take from the creditors the right to do so unless the assignee refused.

G. G. GILBERT, IN PETITION FOR REHEARING AND MODIFICATION.

1. The mandate of the court should be modified so as to permit the appellees upon return of the case to traverse the allegations of the answer, and amend their petition.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees brought this action November 5, 1895, for a personal judgment for $75.54 against C. C. Hall; for a judgment setting aside a mortgage executed by him May 23, 1895, to Margaret Hall on a stock of goods, wares and merchandise to indemnify her as his surety on a note to the Shelbyville Bank for about $1,350, setting aside a deed of assignment made by him September 5, 1895, to Jno. T. & C. W. Ballard for the benefit of creditors generally, and requiring said assignees to surrender to the master commissioner of the court all the property assigned.

The grounds upon which appellees asked the relief are that the mortgage being made in contemplation of insolvency, and with design to prefer the mortgagee to the exclusion of other creditors, operated as an assignment and transfer of all his property, and also to render the deed of assignment null and of no effect. To the petition of appellees the assignees, J. T. & C. W. Ballard, filed a general demurrer, which was overruled. Thereupon they filed an answer, alleging that they had complied with all the requirements of the act of March 16, 1894, the title of which is "Assignments—Voluntary," now chapter 7, Kentucky Statutes, and in pursuance of the authority thereby conferred had taken possession as assignees of all the property of assignor Hall, including that mortgaged by him to Margaret B. Hall, and were proceeding to settle the trust estate as in said act provided. To that answer a general demurrer filed by appellees was sustained and the court adjudged that the mortgage and also the deed of assignment be set aside; but that the assignees might, however, proceed to settle the estate ac-

cording to law upon coming into court, accepting the trust and executing bond with approved security; but upon their failure to do so the master commissioner should take possession of the property and settle the assigned estate. The assignees having failed to comply with that judgment the master commissioner was subsequently ordered to take possession of the property and settle the trust. Whether that ruling of the court is proper depends upon the construction and application to be given to section 84, being part of chapter 7, Kentucky Statutes, which is as follows: "If the assignor before making the deed shall have made a preferential or fraudulent transfer, conveyance or gift of any of his property, or the fraudulent purchase of any property in the name of another, the property so fraudulently transferred, conveyed or purchased shall vest in the assignee, and it shall be his duty to institute such proceedings as may be necessary to recover the property so conveyed or disposed of, and to this end he shall have the remedies which the creditors or any of them might exercise. If the assignee upon demand shall refuse to institute such proceedings any creditor may do so, and property so recovered shall become part of the estate, and be distributed as other assets."

That section may be seemingly inconsistent with section 1910, which provides that every sale, mortgage or assignment made by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor in contemplation of insolvency, and with a design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment

and transfer of all the property and effects of such debtor;. also with section 1911 which, upon the petition of any person interested, authorizes such transfers to be subjected to the control of courts of equity. We think, however, it · is not really in conflict with any of the previous statutes,. but was manifestly intended to supply a defect in previous statutes, and meet a condition not hitherto provided for; for the object of it is to give the assignees of a debtor the same right and impose upon him the same duty to institute the proceedings necessary to recover any property he. had previously by a preferential or fraudulent transfer conveyed that by existing statutes was given to and imposed upon a creditor.   Such being the case, deeds of assignment were plainly not intended to be treated as void for· the sole reason that the debtor had previously made a preferential or fraudulent transfer to one or more of his creditors, but simply to relieve a complaining creditor of the expense and trouble of instituting an action to have· such transfers nullified.

Therefore, it was indispensable for the appellees in this· case, in order to maintain their action, to allege that the· appellants, assignees, had upon demand refused to institute the necessary proceedings to set aside said mortgage,, especially as it is not stated that the deed of assignment: was made with fraudulent intent. And for that reason the lower court erred in overruling the demurrer to the petition. But even if the petition had contained a cause of action it was error to sustain the demurrer to answer of appellants, assignees, inasmuch as it contained an averment that they had taken actual possession of all the mort-

gaged property, were proceeding to sell and dispose of it for the benefit of all the creditors, and the further averment substantially that those for whose benefit the mortgage was made had agreed it was preferential and void and given up to the assignees the possession and control of the property. For such being the case the necessity of bringing suit to recover the property was dispensed with.

Wherefore, the judgment is reversed and cause remanded, with directions for further proceedings consistent with this opinion.